IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DEWAYNE FLINT AND ELLI FLINT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 05-4137-CV-C-SOW |
| | ) |
| EMC MORTGAGE CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court is plaintiff's Motion for Summary Judgment (Doc. #7), defendant's suggestions in opposition, and plaintiff's reply. For the reasons stated herein, plaintiff's motion is denied.

I. Background

This lawsuit arises from a loan made by Chase Manhattan Mortgage Corporation ("Chase") to the plaintiffs, DeWayne and Elli Flint, secured by a Deed of Trust on real estate at 7910 Fox Lane, Columbia, Missouri. The Deed of Trust in the amount of $177,600 was signed by the plaintiffs on April 20, 1998 to Chase as lender on the real estate. The Deed of Trust was recorded on April 24, 1998. On January 24, 2004,[1] the Deed of Trust was assigned to EMC Mortgage Corporation ("EMC").

It is unclear from the parties' briefs when plaintiffs went into default on the loan.[2] It is only clear that on or about January 28, 2004, Chase retained South and Associates, P.C. to

---

[1] Defendant's brief indicates the assignment was made on January 24, 2005, rather than 2004. After examining the assignment of deed of trust, the Court assumes this was in error.

[2] This point may be important to defendants if further dispositive motions are filed.

proceed with foreclosure. On February 24, 2004, plaintiffs entered into a forbearance agreement with Chase and the foreclosure sale was canceled. On April 8, 2004, Chase sent plaintiffs written notification that the servicing of plaintiffs' loan was being transferred to EMC, effective April 30, 2004. Since April 30, 2004, EMC has been the owner and servicer of the loan. On May 12, 2004, EMC sent a notice of transfer letter to the plaintiffs. It is also unclear whether plaintiffs have made any monthly payments on the loan to EMC.

On May 14, 2004, EMC sent a validation of debt notice to plaintiffs. Plaintiffs were informed to respond within 30 days to the letter if plaintiffs dispute the validity of the debt. Plaintiffs did not respond within 30 days, rather they responded on January 18, 2005. This letter dated January 18, 2005, requested that EMC cease and desist collection activity.

Plaintiffs are presently in default under the terms of the note and are due for February 1, 2005. On February 10, 2005, EMC sent correspondence advising plaintiffs that the account was due for February 1, 2005. Plaintiffs were notified of their rights to cure the default, yet plaintiffs failed to cure. After default in payment, plaintiffs failed to cure said default and EMC accelerated the maturity of all unpaid installments and demanded payment of the unpaid balance.

Plaintiffs, *pro se*, brought this lawsuit against EMC for violation of the Fair Debt Collection Practices Act (the "Act"). 15 U.S.C. § 1601, *et seq*. Plaintiffs claim that EMC is a third party "debt collector" as provided by the Act and that EMC has violated the terms of the Act by not giving the time and warnings a debt collector is required to give a debtor by the Act. Plaintiffs also claim that because EMC was not a party to the original mortgage agreement with Chase and has no contract with plaintiffs, EMC is a third party debt collector and has violated the Act. Plaintiffs claim they timely disputed the debt that EMC was attempting to collect, and

2

therefore EMC as a third party debt collector is required by the Act to cease collection activity until debt is validated. 15 U.S.C. § 1692g(b).

Defendant contends that as a debt collector, it is not prohibited from continuing legal action begun prior to the dispute of the debt, but must cease collection efforts after the debt is disputed. Furthermore, defendants argue that a factual dispute exists as to whether plaintiffs disputed the debt within the appropriate time frame under the Act, whether the letter constituted a request for verification of debt and whether defendants, in turn, complied with the applicable provisions of the Act.

## II. Standard

A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Rafos v. Outboard Marine Corp., 1 F.3d 707, 708 (8th Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The party who moves for summary judgment has the burden of showing that there is no genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The party opposing a properly supported motion for summary judgment may not rest upon the allegations in the pleadings, "but must set forth specific facts showing there is a genuine issue for trial." Id.

## III. Discussion

The Fair Debt Collection Practices Act was enacted to "eliminate abusive debt collection by debt collectors." 15 U.S.C. § 1692(a). The Act distinguishes between "creditors" and "debt collectors." The Act provides that a debt collector is one who attempts to collect debts "owed or

due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Creditors are expressly excluded from the definition of debt collectors. 15 U.S.C. § 1692(a)(4). A creditor is broadly defined as "one who offers or extends credit creating a debt or to whom a debt is owed." Id. More importantly for the purposes of this case, based on the language of the definition of a creditor, assignees are not considered debt collectors under the Act if the debt sought to be collected was not in default at the time of the assignment, rather the assignee is considered a creditor. 15 U.S.C. § 1692(a)(4); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003). The Sixth Circuit has similarly held that as long as the debt was assigned for servicing before default of the loan, the assignee was exempt from the Act because the assignee became a creditor and was collecting its own debt. Wadlington v. Credit Acceptance Corp., 76 F.3d 103 (6th Cir. 1996).

Under the Act, if a consumer notifies the debt collector in writing within a 30-day period that all or any portion of the debt is disputed, the debt collector must cease further collection of the debt or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment if it has been reduced to judgment or the name and address of the original creditor and mails verification of the debt, a copy of the judgment or the name and address of the original creditor to the consumer. 15 U.S.C. § 1692g(b).

It is somewhat unclear to this Court what either party is attempting to argue is at issue in this case. Most importantly, it is unclear whether the debt sought to be collected by EMC was or was not in default at the time of the assignment from Chase to EMC on January 23, 2004. If it were not in default at the time of the assignment, then EMC would be considered a creditor and would be exempt from the terms of the Act. Regardless of this point, even if EMC is a debt

4

collector under the Act, it is uncontroverted that plaintiffs did not dispute the debt owed within 30 days of the debt validation letter sent by EMC on May 14, 2004. Rather, plaintiffs responded on January 18, 2005. EMC is not prohibited from continuing legal action on the debt that was not properly disputed. Therefore, there still exists a genuine issue of material fact whether the debt was in fact disputed properly.

Plaintiffs argue that EMC is a third-party debt collector under the Act and did not have a contract with the plaintiffs. This fact is immaterial. The uncontroverted material facts indicate that the plaintiffs signed the Deed of Trust with Chase on April 20, 1998, and the loan was assigned to EMC on January 23, 2004. EMC was a successor in interest as lender on the loan to the plaintiffs, succeeding to the rights of Chase in the loan by assignment and endorsement.

## IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that plaintiff's Motion for Summary Judgment (Doc. #7) is denied.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 9-14-05

5